JUDGMENT ENTRY.
This appeal is considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, and this Judgment Entry shall not be considered an Opinion of the Court pursuant to S.Ct.R.Rep.Op. 3(A).
Defendant-appellant Joseph Person appeals from his convictions for five counts of aggravated robbery with gun specifications. We affirm the judgment of the trial court.
On May 8, 2003, Person and a companion entered a tavern, threatened the patrons with a handgun, and demanded money. After being shot by a patron, Person was apprehended at the tavern and was later charged with five counts of aggravated robbery with gun specifications, as well as four counts of robbery. On September 23, 2003, Person pleaded guilty to the aggravated-robbery counts with the gun specifications. The trial court held a sentencing hearing on October 14, 2004, and sentenced Person to a term of four years for each aggravated robbery, to be served concurrently, and to a term of three years for the gun specifications.
Pursuant to Anders v. California,[1] Person's appointed counsel has advised this court that, after a thorough review of the record, he can find nothing that would arguably support Person's appeal, and he has moved this court for permission to withdraw as counsel. Under Anders, this court is now charged with the task of independently reviewing the record for any prejudicial errors that would warrant the reversal of the trial court's judgment. We have done so, and we concur in counsel's conclusion that the proceedings below were free of error prejudicial to Person. We, therefore, overrule counsel's motion to withdraw from his representation of Person and affirm the judgment of the trial court.
Our determination that the proceedings below were free of prejudicial error also compels our conclusion that there were no reasonable grounds for this appeal. But, due to Person's indigency, we allow no penalty.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Doan, P.J., Painter and Sundermann, JJ.
[1] (1967), 386 U.S. 738, 87 S.Ct. 1396.